**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
STEPHANIE BUCALO,

                                   Plaintiff,

          -against-                        **MEMORANDUM OF
DECISION AND
ORDER**
CV 04-1695-ADS-MLO

EAST HAMPTON UNION FREE SCHOOL
DISTRICT,
                                Defendant.
----------------------------------------------------------X

**APPEARANCES**

**BERNBACH LAW FIRM PLLC**
Attorneys for the Plaintiff Stephanie Bucalo
245 Main Street
White Plains, NY 10601
       By:    Jason Bernbach, Esq., Of Counsel

**COOPER, SAPIR & COHEN, PC**
Attorneys for the Defendant East Hampton Union Free School District
560 Broad Hollow Road, Suite 210
Melville, NY 11747
       By:    Robert E. Sapir, Esq., Of Counsel

**SPATT, District Judge**

       The plaintiff Stephanie Bucalo ("Bucalo" or the "Plaintiff") moves for review of a portion of an Order of the Clerk, dated April 27, 2006, that assessed costs in favor of the Defendant East Hampton Union Free School District ("East Hampton" or the "Defendant"), and against the Plaintiff, in the sum of $1,110.40, for the cost of the deposition transcripts of the Defendant's trial witnesses, Gina Kraus ("Kraus"),

Kathleen Praetorius ("Praetorius") and Susan Vaughan ("Vaughan").  Costs were also assessed against the Plaintiff for the transcripts of Plaintiff's deposition and the deposition of an additional witness, Noel McStay.  The Plaintiff, however, does not appeal the assessment of these latter costs.

The Defendant opposes the Plaintiff's motion, and, in addition, requests review of that portion of the Order of the Clerk that denied the Defendant's request for costs against the Plaintiff in the amount of $19, 214.37 for the cost of the trial transcript.

## I. BACKGROUND

The Plaintiff's case involved federal and state law claims that the Defendant discriminated against her on the basis of her age and retaliated against her.  The parties proceeded to an eleven (11) day trial and the jury heard testimony over the course of eight (8) days.  The jury returned a verdict in favor of the Defendant.  Thereafter, the Court entered judgment in favor of the Defendant.  The Defendant moved for the taxation of costs against the Plaintiff in the amount of $22,224.47 for the cost of depositions and the trial transcript.   Following the Court Clerk's assessment of costs in the amount of $2,619.50 for depositions, the Plaintiff and the Defendant moved for review.

## II. DISCUSSION

"A district court reviews the clerk's taxation of costs by exercising its own discretion to 'decide the cost question [it]self.' " Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001) (quoting Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 233, 85 S. Ct. 411, 13 L. Ed. 2d 248 (1964)).  Pursuant to Rule 54 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), costs are awarded to the prevailing party as a matter of course.  Fed. R. Civ. P. 54(d); Whitfield, 241 F.3d at 101 ("Such an award is the norm, not the exception.").  In order to qualify as prevailing party, the party must have succeeded "'on a significant issue in the litigation . . . .'". Screenlife Establishment v. Tower Video, Inc., 868 F. Supp. 47, 50 (S.D.N.Y. 1994) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).

### A. Assessment of Costs for Deposition Transcripts

In support of her motion, the Plaintiff argues that the Court Clerk improperly assessed costs in the amount of $1,110.40 for the deposition transcripts of Kraus, Praetorius and Vaughan.  As the Plaintiff correctly notes, three days prior to trial, the Defendant served a witness list, for the first time advising the Plaintiff of six witnesses it intended to call to testify during trial.  The Plaintiff moved to bar the witnesses from testifying.  The Court permitted three of the six witnesses to testify, but ordered the Defendant to produce the three witnesses for depositions at the Plaintiff's counsel's office prior to the trial.  The Court further ordered that the depositions be taken "at the

3

cost and expense of the defendant- in other words, the defendant will pay for the depositions."

In apparent disregard of the Court's explicit instructions, following trial, the Defendant requested that the Court assess these costs against the Plaintiff. In its opposition to the Plaintiff's motion, the Defendant admits that the Court ordered the Defendant to pay for the depositions. However, the Defendant states that "[t]here is no lawful reason why these costs, in their entirety, should not be included within the costs awarded to the defendant."

The Court disagrees with the Defendant and reiterates its prior order on the record that the Defendant bear the costs of the Kraus, Praetorius and Vaughan depositions. The Court also notes its concern with the Defendant's attempt to circumvent the clear and express instruction of this Court. In a similar factual situation, in Cohen v. Stephen Wise Free Synagogue, No. 95 Civ. 1659, 1999 WL 672903, at *1 (S.D.N.Y. Aug. 27, 1999), during a pre-trial conference, the Court granted the defendant's belated request to take a videotaped deposition of a witness who would be unavailable for trial. The Court ordered the defendant to bear the full costs of the deposition. Cohen, 1999 WL 672903, at *1. Following trial, the victorious defendant requested that the court assess costs against the plaintiff for the deposition. Id. The Court, "note[d] its displeasure with the defendant's counsel's use of the Clerk's Office to circumvent an explicit Court order." Id. Accordingly,

Bucalo's motion is granted and the Defendant's award of costs is reduced by the sum of $1,110.40, representing the costs of the Kraus, Praetorius and Vaughan depositions.

### B. Assessment of Costs for Trial Transcript

The Defendant also moves for review of the Court Clerk's Order, alleging that costs should be taxed against the Plaintiff in the amount of $19, 214.37 for the cost of the trial transcript. In support of its claim, the Defendant argues that counsel utilized the trial transcript for: (1) cross-examination; (2) summation; and (3) the charging conference. The Defendant further claims that the Court asked if the Defendant was planning to purchase the trial transcript, informing the Defendant, "[i]t is beneficial to have it."

Pursuant to Local Rule 54.1(c)(1), "the cost of any part of the original trial transcript that was necessarily obtained for use in this court or on appeal is taxable." See also 28 U.S.C. § 1920 ("a judge or clerk of any court of the United States may tax as costs . . . [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case"). However, "[d]aily transcripts of trial testimony are not customary." Carmody v. Pronav Ship Mgmt., No. 02 CV 7185, 2004 WL 1837786, at *2 (S.D.N.Y. Aug. 17, 2004) (citing John & Kathryn G. v. Bd. of Educ. of Mount Vernon Public Sch., 891 F. Supp. 122, 123 (S.D.N.Y.1995)); Williams v. Cablevision Systems Corp., No. 98 Civ. 7988, 2000 WL 620215, at *2 (S.D.N.Y. May 12, 2000).

"[T]he relevant inquiry is whether the transcripts of plaintiff's trial testimony were necessary for defendant's use in the case." Cohen, 1999 WL 672903 at *2. Although the Defendant argues that counsel used the transcript to prepare for cross examination, summation and the jury charge, "[u]se of the transcripts during trial . . . does not mean they were 'necessarily obtained.'" John & Kathryn G., 891 F. Supp. at 123 (citing Galella v. Onassis, 487 F.2d 986, 999 (2d Cir. 1973)). In the Court's view, in this case, counsel's use of the trial transcript during summation and cross-examination is not sufficient to justify taxing the costs of the transcript. Williams, 2000 WL 620215, at *2. In fact, it is not necessary for counsel to rely on a trial transcript when counsel can take notes during trial in order to prepare for cross examination and summation. Carmody, 2004 WL 1837786, at *1; Dehoust v. Baxter Healthcare Corp., No. 93 Civ 0774, 1999 WL 280423, at * 3 (S.D.N.Y. May, 4, 1999). The mere convenience of possessing the trial transcript is insufficient to justify taxation of costs. Webb v. Bermudez, 92 CV 7305, 2000 WL 1523140, at *1 (S.D.N.Y. Oct. 12, 2000) ("the standard is necessity, not convenience of counsel"); John & Kathhryn G., 891 F. Supp. at 123.

Moreover, trial transcripts are rarely necessary for trials that are "not particularly long or complex." Williams, 2000 WL 620215, at *2; Malloy v. City of New York, 98 CV 5823, 2000 WL 863464, at *1 (S.D.N.Y. June 23, 2000); Morales v. Smith, No. 94 Civ. 4865, 1998 WL 352595, at *2 (S.D.N.Y. June 26, 1998). In

determining that the trial transcripts were not necessary, the Court in <u>Dehoust</u>, found that (1) the attorneys could have taken notes throughout the trial to use during cross examination and summation, (2) "the trial lasted less than two weeks," and (3) the case "did not contain complexities to justify daily expedited trial transcripts." 1999 WL 280423, at *3; <u>see also</u> <u>Ayiloge v. City of New York</u>, No. 00 Civ. 5051, 2002 WL 31907032, at *2 (S.D.N.Y. Dec. 31, 2002) (The Court, in rejecting the defendant's claim for costs of the trial transcripts, determined that the case was not highly complex, the trial was not very long and the attorneys could have taken notes); <u>cf.</u> <u>Cohen</u>, 1999 WL 672903, at *2 (The Court determined that the trial transcript was necessary where the trial had lasted for three weeks).

In the present matter, although the trial lasted for eleven days, testimony was only taken on eight days, and the Plaintiff's employment discrimination claims were not complex. Also, the Defendant has presented no evidence that counsel was unable to take notes throughout the trial to prepare for cross examination, summation and the jury charge.

Although the Defendant also argues that costs should be assessed against the Plaintiff because the Court instructed the Defendant to purchase the transcript, this claim has no merit. The Court did not order the Defendant to purchase the trial transcript. In fact, the Defendant admits that the Court only inquired whether the

Defendant planned to purchase the transcript and stated that it was beneficial to possess the transcript.

Moreover, a Court "need not award costs if its finds that such an award would be inequitable." Bekiaris v. United States, No. 96 Civ. 302, 1998 WL 734362, at *1 (S.D.N.Y. Oct. 20, 1998). The Court may consider factors such as the plaintiff's financial hardship and good faith in bringing the action. Id. In the present matter, the Defendant has not alleged bad faith on the part of the Plaintiff. Although this Court has no specific knowledge of the Plaintiff's finances, with reasonable certainty, an award as large as $19,214.37 imposed on an individual plaintiff of apparently modest means would result in financial hardship. As a result, the Court finds that the Defendant failed to demonstrate that the trial transcript was necessary, and, in any event, it would be inequitable to assess such costs against the Plaintiff. Accordingly, the Defendant's motion for an award of costs is denied.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Plaintiff's motion is **GRANTED** and the costs taxed by the Judgment Clerk are hereby reduced by the sum of $1,110.40; and it is further

**ORDERED**, that the Defendant's motion is **DENIED**.

**SO ORDERED.**

Dated: Central Islip, New York
      October 12, 2006

                                    */s/ Arthur D. Spatt*
                                    ARTHUR D. SPATT
                           United States District Judge